IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

C.A. NO.  3:05-CV-2858-MJP

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., )<br>MICHAEL K. DRAKEFORD, M.D.,          )<br>                                    )<br>          Plaintiff,                )<br>                                    )<br>       v.                           )<br>                                    )<br>TUOMEY d/b/a TUOMEY HEALTHCARE      )<br>SYSTEM, INC.                        )<br>                                    )<br>          Defendant.                )<br>                                    ) | RESPONSE TO MOTION FOR<br>RULE 502 ORDER |

The United States hereby files this response to the Motion for Rule 502 Order filed by the Defendant on March 12, 2009.

Rule 502 of the Rules of Evidence is a relatively new rule, which allows the Court to issue an order allowing parties to disclose to each other attorney-client privileged or work-product protected material without waiver, in which case that disclosure is also not a waiver in any other federal or state proceeding. The Rule allows parties to agree that, because of the voluminous nature of certain discovery, documents may be disclosed without a full privilege review; under Rule 502(e) the parties may therefore agree that the mere disclosure of privileged information does not constitute a waiver of the privilege.  Rule 502(d) allows the Court to approve the agreement of the parties, and order that the agreement be binding as to third parties, including in state court.  That portion of the rule, however,

only allows the Court to approve of the agreement between the parties. Therefore, it is crucial that the exact agreement of the parties be reflected in the Court's Order.

The United States does not object to the Defendant's Motion, on the condition that the Order entered by the Court makes absolutely clear to what the parties have agreed. Specifically, the United States acknowledges that in an attempt to facilitate the discovery of voluminous audio recordings, it agreed with the Defendant that the **mere production** of those specific recordings in an unredacted format would not act as a waiver of the privilege. The United States does not agree, however, that the waiver of the privilege is limited to the Stipulation dated November 24, 2008.

Therefore, the United States requests that the Order entered by this Court be extremely specific to make clear that the only agreement between the parties was that the mere production of the audio recordings referenced in the Defendant's January 29, 2009, letter (Exhibit B to the Defendant's Motion) does not act as a waiver of privilege. The Order should make clear that the Plaintiff remains free to make any other arguments concerning the waiver of the privilege.

The United States will submit its own proposed order to the Court.

Respectfully submitted this 23rd day of March, 2009.

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        /s/ G. NORMAN ACKER, III
        _____
        G. NORMAN ACKER, III
        Special Attorney and
        Assistant United States Attorney
        Eastern District of North Carolina
        310 New Bern Avenue, Suite 800
        Raleigh, NC  27601-1461
        Telephone:  (919) 856-4530
        Facsimile:  (919) 856-4821
        Email:  norman.acker@usdoj.gov


        /S/ TRACY L. HILMER
        _____
        JOYCE R. BRANDA
        MICHAEL D. GRANSTON
        TRACY L. HILMER
        NIALL M. O'DONNELL
        Attorneys, Civil Division
        United States Department of Justice
        Post Office Box 261
        Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 307-0474
        Email: tracy.hilmer@usdoj.gov

        Attorneys for the United States

CERTIFICATE OF SERVICE

I do hereby certify that I have this <u>23rd</u> day of <u>March</u>, 2009, served a copy of the foregoing upon the below-listed parties electronically or by placing a copy of the same in the U.S. Mails, addressed as follows:

Kevin M. Barth, Esquire
Ballenger Barth & Hoefer, LLP
Florence, SC 29503

A. Camden Lewis
Mary G. Lewis
Attorneys at Law
P. O. Box 11208
Columbia, SC 29211

Daniel M. Mulholland, III
Attorney at Law
4614 Firth Avenue
Pittsburgh, PA 15213

E. Bart Daniel
Attorney at Law
7 State Street
P. O. Box 856
Charleston, SC 29402

    /s/ G. NORMAN ACKER, III
    Special Attorney