IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., <br> MICHAEL K. DRAKEFORD, M.D., <br><br> Plaintiff, <br><br> v. <br><br> TUOMEY d/b/a TUOMEY HEALTHCARE <br> SYSTEM, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CA NO.  3:05-CV-2858-MJP |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), plaintiff the United States of America moves for a protective order preventing defendant Tuomey Healthcare System, Inc. ("Tuomey") from obtaining certain material requested from plaintiff's designated expert witness, Kathleen A. McNamara.

## Nature of the Case

In this case, brought under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-33, the United States alleges that Tuomey filed false claims for Medicare and Medicaid reimbursement by submitting such claims for services rendered by physicians with whom it had financial relationships that violated the Stark Law, 42 U.S.C. § 1395nn, and its implementing regulations.

## Statement of Pertinent Facts

On March 13, 2009, McNamara provided an expert report regarding the fair market value and commercial reasonableness of the physician compensation arrangements that are the subject

of this action (the "McNamara Report", pertinent excerpt attached as Exhibit 2). In its First Request for Production of Documents, Tuomey sought a range of materials relating to the Government's expert reports issued in this case. *See* Exhibit 3, Request No. 6.

On April 8, 2009, Tuomey served its notice of deposition and subpoena duces tecum upon government counsel for McNamara's deposition, which is scheduled to take place in Columbia, South Carolina, on May 20, 2009. The subpoena was issued by the United States District Court for the District of Columbia. (Attached as Exhibit 1).[1] Except for Document Request No. 6, the documents sought in the subpoena duces tecum overlapped entirely with the documents sought by Tuomey in its First Request for Production of Documents, and the Government served those materials upon Tuomey on or about May 1, 2009, once they became available and had been reviewed for confidential information and privilege.

Document Request No. 6 – which did not appear in the prior discovery request – seeks: "Transcripts, summaries or recordings of any testimony (including any deposition testimony), statements or reports given or rendered by you in the cases in which you have served as an expert witness listed in your report on page 22."[2] The reports requested by Tuomey are irrelevant to this action. Moreover, they may include confidential or proprietary information of non-parties to this

---

[1] It is not clear why the subpoena was issued in the District of Columbia, since McNamara resides in Iowa and is scheduled to be deposed in South Carolina. However, the notice of deposition correctly states the agreed-upon time and date of the McNamara deposition, and the Government does not intend to quibble over technicalities regarding the issuing court.

[2] Tuomey issued an identical document request to Kevin Walker and David Thompson, who worked with McNamara on her expert report. However, neither Walker nor Thompson rendered statements or reports in any of the cases specified, and so the request is inapplicable as to them.

case, and in some instances may be covered by protective orders and/or confidentiality

agreements entered in those matters.

## **Argument**

Under Rule 30(b), a request for production issued to a party deponent through a Rule 45

subpoena is treated as a request for production under Rule 34.  *See, e.g.*, *Schultz v. Olympic*

*Medical Center*, 2008 WL 3977523, slip op. (W.D. Wash. Aug. 22, 2008) at *2 ("It is well

settled that Fed. R. Civ. P. 30(b)(2) provides that any deposition notice which is served on a party

deponent and which requests documents to be produced at the deposition must comply with the

thirty-day notice requirement set forth in Fed. R. Civ. P. 34.") (Exhibit 4); *see also Howell v.*

*Standard Motor Prods., Inc.*, 2001 WL 456241, mem. op. (N.D. Tex. Apr. 27, 2001) at *1 (same,

applying rule under former designation 30(b)(5)) (Exhibit 5).  Rule 26(c) permits the filing of a

motion for a protective order in the district where the matter is pending, and permits the court,

for good cause shown, to protect a party or person from discovery that would "requir[e] that a

trade secret or other confidential research, development or commercial information not be

revealed or be revealed only in a specified way. . . ."  Rule 45 likewise permits modification of

subpoena if it requires "disclosing a trade secret or other confidential research, development, or

commercial information. . . ."  Fed. R. Civ. P. 45(c)(3)(B)(i).  Here, Tuomey is seeking

statements or reports given in other cases involving other defendants and addressing other issues,

some of which may include confidential financial information of other individuals and which

may in some instances be subject to protective orders and/or confidentiality agreements in place

in those cases.

Further, there is no indication that McNamara's reports in those cases are even relevant to

the matter at hand.  The reports listed in Exhibit 2 addressed the valuation of medical director

services, management services and non-allowable Medicare costs. Exhibit 2, at 22. None of these matters is a subject of this litigation, which deals with compensation arrangements between physicians and Tuomey for certain physician services. Therefore, none of the reports can be expected to lead to the discovery of admissible evidence.

Defendant is free to question McNamara about her methodology used in this case and others. Defendant is also free to obtain McNamara's testimony made on the record in other cases and to question her about that testimony. However, McNamara should not be required to divulge specific information she may have obtained under a confidentiality agreement or protective order if that material has not been placed upon the public record.[3]

Accordingly, the Court should enter an order protecting Ms. McNamara from disclosing expert reports that she has rendered in other matters.

### Certification of Attempted Meet and Confer

Counsel for the Government attempted to confer with counsel for Tuomey on May 11, 2009 prior to the filing of this motion, but was unable to reach counsel. We expect to consult with Tuomey's counsel about this matter as soon as possible in an effort to resolve it without the Court's intervention.

---

[3]Considerable additional research would have to be done in order to determine whether the subject expert reports were actually subject to a protective order or confidentiality agreement, or were ever placed, in whole or in part, upon the public record. Such research would be burdensome, especially given the lack of relevance of these other reports to the matter at hand.

- 4 -

**Conclusion**

The Government respectfully requests that the Court grant the Government's Motion for

Protective Order regarding Document Request No. 6 of the McNamara subpoena duces tecum.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General


/s/ G. Norman Acker, III
G. NORMAN ACKER III
Special Attorney and
Assistant United States Attorney
Eastern District of North Carolina
310 New Bern Ave., Suite 800
Raleigh, NC  27601
Telephone: (919)856-4530
Facsimile:  (919)856-4820
Email:  norman.acker@usdoj.gov



/s/ Tracy L. Hilmer
JOYCE R. BRANDA
MICHAEL D. GRANSTON
TRACY L. HILMER
NIALL M. O'DONNELL
Attorneys, Civil Division
United States Department of Justice
Post Office Box 261, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202)307-0474
Facsimile: (202)305-4117
Email: tracy.hilmer@usdoj.gov

Dated: May 11, 2009          Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2009, a copy of the foregoing Plaintiff's Motion for

Protective Order was served upon the below-listed counsel by filing the same upon the Court's

electronic case filing system:

Kevin M. Barth, Esquire
Ballenger Barth & Hoefer, LLP
Florence, SC 29503

A. Camden Lewis
Mary G. Lewis
Attorneys at Law
P. O. Box 11208
Columbia, SC 29211

Daniel M. Mulholland, III
Attorney at Law
4614 Firth Avenue
Pittsburgh, PA 15213

E. Bart Daniel
Attorney at Law
7 State Street
P. O. Box 856
Charleston, SC 29402

_/s/   Tracy L. Hilmer_____
Tracy L. Hilmer