IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CA NO. 3:05-CV-02858-MJP

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., MICHAEL K. DRAKEFORD, M.D., | ) ) ) | |
| Plaintiff, | ) ) | UNITED STATES' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES |
| v. | ) ) | |
| TUOMEY d/b/a TUOMEY HEALTHCARE SYSTEM, INC. | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff hereby responds, and through its counsel objects, to Defendant's First Set of Interrogatories.

**Preliminary Statement**

Plaintiff has responded to these interrogatories to the best of its present ability. Plaintiff reserves its right to revise, amend, and/or supplement its responses to these interrogatories in any manner it deems appropriate. Moreover, these responses are made without prejudice to Plaintiff's right to present at trial additional evidence as may be discovered or evaluated later.

The fact that Plaintiff has answered or objected to any particular interrogatory should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such answer or objections constitutes admissible evidence. The fact that Plaintiff has answered any part or all of any particular interrogatory is not intended to and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any

EXHIBIT 8

    Gary Koslin

    Brian Odum

    Dean Byrd

    Donna Welch

    James Wilson

Plaintiff will supplement this response as it learns more. To the extent some of these individuals are employees, board members, counsel, consultants, or agents of Defendant, Defendant has access to them, and Defendant may therefore determine for itself the specific relevant information and knowledge those individuals have.

  The Plaintiff believes that Special Agent Su Kim has knowledge regarding the facts of this case, as he served as the investigating agent for Plaintiff, and conducted multiple interviews and reviewed documents regarding this case, the details of which are privileged under the work product doctrine, the investigatory privilege, and the deliberative process or executive privilege.

  **Interrogatory No. 6**: For each expert witness whom the party proposes to use as a witness at the trial of the case, state:

  a. the subject matter on which the expert is expected to testify;

  b. the substance of the facts and opinions to which the expert is expected to testify; and,

  c. a summary of the grounds for each opinion.

  **Response**: Plaintiff objects to this Interrogatory to the extent that it seeks a comprehensive expert report prior to the date set by the Court's Scheduling Order in this matter. Plaintiff further objects to that discovery is ongoing and the facts upon which Plaintiff's expert(s)

may rely are not yet fully known. Plaintiff incorporates herein its response to Interrogatory No. 4 and its disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). Without waiving its General Objections, Plaintiff provides the following response.

Plaintiff proposes to call Ruben Steck as an expert witness on the issue of damage sustained by Plaintiff.

    a.    Mr. Steck is expected to testify on the subject matter of Plaintiff's claim for damages caused to the Medicare and Medicaid programs by Defendant's unlawful actions.

    b.    Mr. Steck is expected to present an analysis of the Medicare and Medicaid claims data upon which Plaintiff's claim for damages will be based. Specifically, Plaintiff contends that Defendant submitted false or fraudulent claims for reimbursement to the Medicare and Medicaid systems for services performed by the physicians identified in Paragraph 79 of the Amended Complaint and Dr. Steven Lauzon while such physicians had compensation arrangements with Defendant that violated the Stark Law. Mr. Steck is expected to analyze and quantify the total amount of these false claims based upon information provided by Tricenturion, the Medicare Program Safeguard Contractor, and by the South Carolina Department of Health and Human Services, the State's Medicaid agency.

    c.    See Response to Interrogatory No. 6(b). The grounds for Mr. Steck's opinion will be the Medicaid and Medicare claims data relating to the false and fraudulent claims for payment from those programs by Tuomey as a result of the violations of the Stark Law. Accordingly, the opinion will identify and quantify claims submitted by Defendant for services performed by the physicians named in Paragraph 79 of the Amended Complaint and Dr. Steven Lauzon during the existence of the unlawful compensation arrangements.

18

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

G. NORMAN ACKER, III
Special Attorney and
Assistant United States Attorney
Eastern District of North Carolina
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4820
Email: norman.acker@usdoj.gov

JOYCE R. BRANDA
MICHAEL D. GRANSTON
TRACY L. HILMER
NIALL M. O'DONNELL
Attorneys, Civil Division
United States Department of Justice
Post Office Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0506
Facsimile: (202) 514-0280
Email: niall.odonnell@usdoj.gov

Date: _____

Attorneys for the United States

19

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 2nd day of October, 2008, served a copy of the foregoing upon the below-listed parties by hand, electronically and/or by placing a copy of the same in the U.S. Mails, addressed as follows:

Kevin M. Barth, Esquire
Ballenger Barth & Hoefer, LLP
Florence, SC 29503
kbarth@hbbh.net

A. Camden Lewis
Mary G. Lewis
William Jonathan Harling
Attorneys at law
P. O. Box 11208
Columbia, SC 29211
acl@lewisbabcock.com
mgl@lewisbabcock.com
wjh@lewisbabcock.com

Edward Bart Daniel
PO Box 856
Charleston, SC 29402
843-722-2000
843-722-6254 (fax)
bart@bartdaniel.com

Daniel M. Mulholland, III
Attorney at Law
4614 Firth Avenue
Pittsburgh, PA 15213
dmulholland@hortyspringer.com

Niall M. O'Donnell

I declare under penalty of perjury that the foregoing factual statements and representations are true and correct to the best of my knowledge, information, and belief.

Su Kim
Special Agent
Office of the Inspector General
U.S. Department of Health and Human Services