IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CA NO. 3:05-CV-02858-MJP

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) <br> MICHAEL K. DRAKEFORD, M.D., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TUOMEY d/b/a TUOMEY HEALTHCARE ) <br> SYSTEM, INC. ) <br> ) <br> Defendant. ) <br> ) | UNITED STATES' FIRST SET <br> OF INTERROGATORIES <br> AND FIRST REQUEST FOR <br> PRODUCTION OF DOCUMENTS |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant Tuomey Healthcare System, Inc., ("Tuomey") is required, within thirty (30) days of the service of this document, to provide the undersigned with responses to the following Interrogatories under oath, and to respond to the following Requests for Production of Documents.

## INSTRUCTIONS AND DEFINITIONS

### I. INSTRUCTIONS

A.  **Privileged Information or Documents**: If any information or material which is otherwise responsive to any of these interrogatories and document requests is not disclosed because of a claim of privilege or other objection, identify each interrogatory or document request so affected, the basis for the assertion of the privilege or objection, the date such document was created and transmitted and to whom it was transmitted, and all individuals or persons in possession of the information or documents covered by the asserted privilege or

EXHIBIT 11

objection.

B.   **Lost or Destroyed Documents**: If any document otherwise responsive to any of these requests is not produced because it was lost or destroyed:

(1) identify the document;

(2) identify the person who last had custody or control over the document;

(3) state the date on which the document was destroyed or was discovered to have been lost;

(4) if the document was destroyed, state why it was destroyed and identify the person(s) who destroyed it;

(5) if the document was lost, describe the circumstances in which its loss was discovered, state the date that it was last seen or otherwise accounted for, and identify the person(s) who discovered its loss and who last saw or otherwise accounted for it;

(6) identify all persons who have knowledge pertaining to the destruction or loss of the document, giving a concise but complete statement of the knowledge you claim each such person has; and

(7) identify all persons who have knowledge of the contents of each lost or destroyed document, giving a concise but complete statement of the knowledge you claim each such person has.

C.   **Continuing Nature of Requests**: These interrogatories and document requests are continuing in nature to the extent provided by Federal Rule of Civil Procedure 26(e), and you are required to provide supplemental responses if you obtain further or different information or documents before the trial of this matter. Supplemental responses to these interrogatories and

document requests shall be served at reasonable intervals.

D.  **Scope of Knowledge and Access to Information or Documents**:  Where knowledge, information, or documents are requested, such request includes knowledge, information, or documents in the possession of defendant and its divisions, subsidiaries, agents, representatives, investigators, directors, officers, experts, consultants, attorneys, employees, former employees, subcontractors, or any other entity or person that owns or controls defendant, in whole or in part, or is owned or controlled by defendant, in whole or in part.

E.  **Use of Company Name**:  When the name of a company is used it shall be deemed to include the company or corporation, as the case may be, or the party, and its employees, agents directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

F.  **Use of Singulars and Plurals and Use of "And" and "Or"**:  The singular of any word is intended and shall be deemed to include the plural, and vice-versa, and the conjunctive "and" is intended and shall be deemed to refer to and include the disjunctive "or," and vice-versa, unless the context <u>clearly</u> indicates otherwise.

## II. DEFINITIONS

The following definitions apply to these interrogatories and document requests:

A.  **"Tuomey", "Defendant", "you", and "your"**:  The terms "Tuomey" and "defendant" and the pronouns "you" and "your" refer to and include defendant Tuomey Healthcare System, Inc., its divisions, subsidiaries, employees, and agents, including, without limitation, Tuomey Professional Services, LLC, and the "Tuomey Specialty Groups" as defined in the Amended Complaint, all present and past partners (general or limited), any entity owned in whole or in part

3

or controlled by defendant, all present and past employees, contractors, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities acting or purporting to act on defendant's behalf, who could reasonably be expected to have personal knowledge that would effect the completeness and accuracy of answers and responses made to these interrogatories and document requests.

B.     **Cejka**:  The term "Cejka" refers to Cejka Consulting.

C.     **Document**:  The term "document" is to be defined in the broadest terms currently recognized pursuant to the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The term shall include, without limitation, all "writings" and "recordings," as defined by Federal Rule of Evidence 1001(1), and shall specifically include any written or other compilation of information, whether printed, handwritten, recorded, encoded, produced, reproduced or reproducible by any other process, drafts, revisions, or finals, original or preliminary notes, and documents summarizing other documents, inter-company, inter-agency, intra-company, or intra-agency communications of any type, computer tapes, and computer files and all of their contents including all meta-data and any other form of data compilation. The term also includes, but is not limited to: correspondence, memoranda, contractual documents, specifications, drawings, affidavits, agreements, analysis, appointment books, appointment calendars, bank checks, bills, blueprints, bookkeeping entries, calculations, canceled checks, cashiers' checks, charts, checks, check stubs, communications, computer printouts, contracts, correspondence, court filings, day books, declarations, depositions, desk calendars, diagrams, diaries, drafts, drawings, electronic mail messages (including all meta-data), expense reports, files, forecasts, graphs, invoices, interview notes, ledgers, letters, lists, log books, mailgrams, memoranda,

4

minutes, motion pictures, notebooks, note pads, notes, papers, photographs, plans, projections, proposals, receipts, records, reports, sketches, sound recordings, statements, studies, summaries, surveys, tape recordings, telefax, telegrams, telephone logs, time records, time sheets, transcripts, travel vouchers, videotapes, vouchers, working papers, work sheets, and all other papers, writings, drawings, recordings, or physical things containing information, including all original and amended versions of the documents, preliminary and subsequent drafts or marginal notes appearing on any documents, however denominated or described by the parties to whom the particular Interrogatories and/or Request for Production of Documents is directed.

"Document" shall further collectively include the original, duplicate original, and any or all copies or reproductions of the original document, to the extent that any or all copies are different in any way from the original document, whether by interlineation, receipt stamps, notation, meta-data, post-it notes, indication of copies sent or received, or otherwise, which are within your possession, custody, or control.

D.      **"Government"**: The term "government" refers to the government of the United States of America, and all agencies, departments, and subsidiary units thereof.

E.      **"Hall Render"**: The term "Hall Render" refers to Hall Render Killian Heath & Lyman, P.C.

F.      **"Identify"**: The term "identify" means:

(1) with respect to a natural person, to provide:

(a) the person's full name;

(b) the name of the person's current or last known employer;

(c) the person's title and position, if known; and

5

(d) the person's current or last known business and home addresses and telephone numbers;

(2) with respect to a corporation, partnership, joint venture or other entity, to provide:

(a) the full name of the entity; and

(b) the addresses and telephone numbers of its principal office; and

(3) with respect to documents, to provide the following information in your response:

(a) the date of the document;

(b) a description of the type of document;

(c) a summary of the document's contents;

(d) the present location of the original and all existing copies of the document;

(e) a list of all intended recipients of the document, including but not limited to all addressees, and all persons who were supposed to receive a copy of the document (i.e., through "cc" or "bcc"); and

(f) the identity of the author and a list of all persons who participated in the creation of the document.

G.      **Nexsen Pruet**:  The term "Nexsen Pruet" refers to Nexsen Pruet Jacobs & Pollard LLC.

H.      **Person**:  The term "person" refers to a natural person, firm, association, organization, partnership, joint venture, business, trust, corporation, or government body, commission, board, agency, branch, department, component, or element thereof, and every other form and kind of public or private entity, whether domestic or foreign.  Reference herein to any "person" includes officials, representatives, agents, and employees of such "person."

6

INTERROGATORY NO. 4:

Identify all persons with whom you have discussed the part-time employment contracts referenced in Paragraph 79 of the Amended Complaint, and all documents that refer or relate to any such discussions.

INTERROGATORY NO. 5:

Identify all attorneys with whom you have consulted from the period of 2001 through the present for legal advice concerning the part-time employment contracts referenced in Paragraph 79 of the Amended Complaint or identified by you in response to Interrogatory No. 2, and state the dates on which any such consultations took place, and

    (a)    identify all persons with knowledge of any such consultations and specify the relevant facts of which each such person has knowledge; and

    (b)    identify all documents that refer or relate to any such consultations.

INTERROGATORY NO. 6:

Identify all claims submitted to Medicare, Medicaid, or TRICARE by Tuomey for itself seeking reimbursement for services performed by any of the physicians named in Paragraph 79 of the Amended Complaint in connection with such physicians' part-time employment by Tuomey and/or any designated health services in connection with referrals from the physicians named in Paragraph 79 of the Amended Complaint.

8

INTERROGATORY NO. 7:

Identify all claims submitted to Medicare, Medicaid, or TRICARE by Tuomey on behalf of any of the physicians referenced in Paragraph 79 of the Amended Complaint seeking reimbursement for services performed by each such physician in connection with his or her part-time employment by Tuomey and/or any designated health services in connection with referrals from the physicians named in Paragraph 79 of the Amended Complaint.

INTERROGATORY NO. 8:

For all claims identified in interrogatories 7–8 above, identify all records showing reimbursement by Medicaid, Medicare, or TRICARE to Tuomey, and state

    (a)    the individual amount of each payment; and

    (b)    the identity of the physician(s) for whose services the payments were made and the nature of those services; and

    (c)    identify all documents that reflect any such reimbursement.

INTERROGATORY NO. 9:

State each and every factual basis for your contention in the "Introduction" of your Answer that "Tuomey has also faced an increasingly difficult time recruiting and retaining physicians to meet the health care needs of the community it serves in order to meet needs," and

    (a)    identify each person whom you contend has knowledge of the facts relating to this contention and specify the relevant facts of which each such person has knowledge; and

    (b)    identify all documents that you contend refer or relate to this contention.

(b)     address and telephone number;

(c)     listing of qualifications (a resume or curriculum vitae may be attached);

(d)     area of expertise;

(e)     anticipated testimony;

(f)     specific factual situations to be addressed;

(g)     a summary of the grounds for each opinion of each such witness;

(h)     whether a report was prepared by the witness and identify any and all such reports; and

(i)     identify all documents referred to or relied upon by such witness in forming his or her opinions in the matter.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents identified in your response to the plaintiff's First Set of Interrogatories.

2. Produce all documents relating to offers to physicians for part-time employment contracts with Tuomey to provide professional medical services for the period between January 2001 to the present.

3. Produce all part-time employment contracts entered into between and/or among Tuomey and all persons recruited by Tuomey from 2001 to the present to provide professional medical services.

4. Produce all board minutes for Tuomey from September 2001 to the present.

5. Produce all documents relating to legal advice received by Tuomey relating to this matter.

15

11.     To the extent not covered above, produce any documents received from third parties after the filing of the Amended Complaint which are relevant to the matters raised in the Amended Complaint, including without limitation, all documents received in response to subpoenas issued to anyone other than a party in this case.

This 8th day of August, 2008.

                                            Respectfully submitted,

                                            GREGORY G. KATSAS
                                            Acting Assistant Attorney General

                                            G. Norman Acker /by NMO
                                            G. NORMAN ACKER, III
                                            Special Attorney and
                                            Assistant United States Attorney
                                            Eastern District of North Carolina
                                            310 New Bern Ave., Suite 800
                                            Raleigh, NC 27601
                                            Telephone: (919) 856-4530
                                            Facsimile: (919) 856-4820
                                            Email: norman.acker@usdoj.gov

                                            Niall M. O'Donnell
                                            JOYCE R. BRANDA
                                            MICHAEL D. GRANSTON
                                            TRACY L. HILMER
                                            NIALL M. O'DONNELL
                                            Attorneys, Civil Division
                                            United States Department of Justice
                                            Post Office Box 261, Ben Franklin Station
                                            Washington, D.C. 20044
                                            Telephone: (202) 353-0506
                                            Facsimile: (202) 514-0280
                                            Email: niall.odonnell@usdoj.gov
                                            Attorneys for the United States

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 8th day of August, 2008, served a copy of the foregoing upon the below-listed parties electronically and by placing a copy of the same in the U.S. Mails, addressed as follows:

Kevin M. Barth, Esquire
Ballenger Barth & Hoefer, LLP
Florence, SC 29503
kbarth@hbbh.net

A. Camden Lewis
Mary G. Lewis
William Jonathan Harling
Attorneys at law
P. O. Box 11208
Columbia, SC 29211
acl@lewisbabcock.com
mgl@lewisbabcock.com
wjh@lewisbabcock.com

Edward Bart Daniel
PO Box 856
Charleston, SC 29402
843-722-2000
843-722-6254 (fax)
bart@bartdaniel.com

Daniel M. Mulholland, III
Attorney at Law
4614 Firth Avenue
Pittsburgh, PA 15213
dmulholland@hortyspringer.com

Niall M. O'Donnell