IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ex rel.<br>Michael K. Drakeford, M.D.,<br><br>      Plaintiff,<br><br> vs.<br><br>Tuomey d/b/a Tuomey Healthcare<br>System, Inc.,<br><br>      Defendant. | C/A No. 3:05-2858-MBS<br><br>**ORDER ON JURY INSTRUCTIONS** |

The court makes the following ruling regarding the parties' proposed jury charges in the referenced case, which is set for trial commencing April 16, 2013:

| Number | Ruling |
|---|---|
| Joint Request No. 1 | Consent |
| Joint Request No. 2 | Consent |
| Joint Request No. 3 | Add to joint charge: "Now, as you will hear later in my instructions, Defendant has the burden to prove certain matters as well, and it, too, must prove those matters by a preponderance of the evidence. Defendant has the burden of proving affirmative defenses by a preponderance of the evidence as well. An affirmative defense is Defendant's assertion raising new facts and argument which, if true, will defeat Plaintiff's claims. If Defendant fails to meet its burden on a affirmative defense, then the affirmative defense will not bar Plaintiff's claim." |
| Joint Request No. 4 | Consent |
| Joint Request No. 5 | Consent |

| | |
|---|---|
| Joint Request No. 6 | Consent |
| Joint Request No. 7 | Replace "This is true even if Medicare otherwise would have paid for the service." with "This is true even if the service otherwise properly was reimbursable under Medicare." The court overrules Defendant's objection to "It is Defendant's burden of proof to establish that the contracts meet the applicable exception. I will instruct you more fully on what Defendant must prove in this regard." See <u>United States ex rel. Singh v. Bradford Reg. Med. Ctr.</u>, 752 F. Supp. 2d 602, 626-29 (W.D. Pa. 2010). |
| Plaintiff's Request No. 8 | Defendant's objection to Plaintiff's Request No. 8 is overruled. Under Defendant's view, the jury would be limited to reviewing the four corners of the agreement, regardless of the parties' actual relationship. |
| Joint Request No. 9 | Consent |
| Joint Request No. 10 | Consent |
| Plaintiff's Request No. 11 | Defendant's objection to Plaintiff's Request No. 11 is overruled. The court will adopt Plaintiff's proposed language. Plaintiff shall submit a revised Request No. 11 more closely tracking the Fourth Circuit's language in <u>Tuomey</u>. |
| Plaintiff's Request No. 12 | The court will use the statutory definition of "referring physician" from 42 U.S.C. § 1395nn(h)(5). |
| Plaintiff's Request No. 13 | Defendant's objection is overruled. See <u>United States ex rel. Singh v. Bradford Reg. Med. Ctr.</u>, 752 F. Supp. 2d 602, 626-29 (W.D. Pa. 2010). |
| Joint Request No. 14 | Defendant's objection is overruled. The court will utilize the language from Footnote 7 of <u>Tuomey</u> verbatim, i.e.: "The Stark Regulations define "fair market value" as: [T]he value in arm's-length transactions, consistent with the general market value. "General market value" means the price that an asset would bring as the result of bona fide bargaining |

|  |  |
|---|---|
|  | between well-informed buyers and sellers who are not otherwise in a position to generate business for the other party, or the compensation that would be included in a service agreement as the result of bona fide bargaining between well-informed parties to the agreement who are not otherwise in a position to generate business for the other party, on the date of acquisition of the asset or at the time of the service agreement. Usually, the fair market price is ... the compensation that has been included in bona fide service agreements with comparable terms at the time of the agreement, ... [and] has not been determined in any manner that takes into account the volume or value of anticipated or actual referrals." |
| Plaintiff's Request No. 15 | Defendant's objection is overruled. The court will utilize the 2004 definition of "commercially reasonable." |
| Plaintiff's Request No. 16 | Defendant's objection is overruled. The court will utilize Plaintiff's Request No. 16, except the court will delete "In making this determination, remember that I instructed you earlier that the 'attending' or 'operating' physician identified on the electronic claims submitted by Tuomey qualifies as a 'referring physician' as that term is used in the Stark Law." |
| Joint Request No. 17 | The court overrules Defendant's objection "The False Claims Act is a federal law that is designed to discourage fraud against the federal government." The court denies Defendant's proposal to include language regarding award to relator, as this is a function of the court and not the jury. |
| Plaintiff's Request No. 18 | Defendant's objection is overruled. <u>United States ex rel. Harrison v. Westinghouse Savannah River Co.</u>, 352 F.3d 908 (4th Cir. 2003), is distinguishable, as it applies to general FCA claims and not those specifically brought pursuant to the Stark Law. |
| Plaintiff's Request No. 19 | Defendant's objection is overruled. <u>See</u> 31 U.S.C. § 3729(b)(2); <u>Visiting Nurse Ass'n v. Thompson</u>, 378 F. Supp. 2d 75, 99 (E.D.N.Y. 2004). |

| | |
|---|---|
| Plaintiff's Request No. 20 | The court proposes the following jury charge: "In this case, the United States alleges that certain of Defendant's claims to Medicare for reimbursement were false because Defendant was in violation of the Stark Law.  Claims for services rendered in violation of a statute do not necessarily constitute false or fraudulent claims under the False Claims Act.  However, where the government has conditioned payment of a claim on claimant's certification of a statute, such as the Stark Law, a claimant submits a false or fraudulent claim when he or she falsely certifies compliance with that statute."  See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 902 (5th Cir. 1997). |
| Plaintiff's Request No. 21 | The final sentence of Plaintiff's proposed charge is revised to read: "It is not necessary for the United States to prove that Defendant had a specific intent to defraud."  See 31 U.S.C. § 3729(b). |
| Joint Request No. 22 | Consent |
| Plaintiff's Request No. 23 | The court proposes the following instruction: "When the word 'knowingly' or the phrase 'the defendant knew' is used in these instructions, it means that Defendant realized what it was doing and was aware of the nature of its conduct and did not act through ignorance, mistake, or accident. The government may prove that Defendant acted 'knowingly' by proving, by a preponderance of the evidence, that Defendant deliberately closed its eyes to what would otherwise have been obvious to it.  No one can avoid responsibility by deliberately ignoring what is obvious.  A finding by a preponderance of the evidence of an intent of Defendant to avoid knowledge or enlightenment would permit the jury to find knowledge.  Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.  It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the |

4

|  |  |
|---|---|
|  | eyes and any inferences to be drawn from any such evidence. You may not conclude that Defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition." <u>See</u> <u>United States v. Alston-Graves</u>, 435 F.3d 331, 336 (D.C. Cir. 2006). |
| Plaintiff's Request No. 24 | Defendant's objection is overruled. <u>United States ex rel. Williams v. Renal Care Group,. Inc.</u>, 696 F.3d 518 (6th Cir. 2012), cited by Defendant, demonstrates manner in which the defendant took proper steps and thus did not act with reckless disregard. |
| Plaintiff's Request No. 25 | Consent. However, the court will delete the term "or agent" used twice in proposed charge because that term is not found in <u>United States ex rel. Harrison v. Westinghouse Savannah River Co.</u>, 352 F.3d 908 (4th Cir. 2003). |
| Plaintiff's Request No. 26 | The court will incorporate into the proposed charge language from Restatement (3d) of the Law Governing Lawyers, §§ 26 and 27 (defining actual and apparent authority). |
| Plaintiff's Request No. 27 | Defendant's objection is overruled. The court previously has ruled adversely to Defendant's argument that the government's knowledge of the contracts negates the scienter requirement. |
| Plaintiff's Request No. 28 | Defendant's objection is overruled. <u>See</u> Request No. 18. The court will delete the following line: "Defendant's compliance with the Stark Law was a condition of the government's payment decision." |
| Joint Request No. 29 | Consent |
| Joint Request No. 30 | Consent |
| Plaintiff's Request No. 31 | Plaintiff's Request to Charge No. 31 is denied, and Defendant's objection is sustained. Plaintiff has not raised a Stark Law claim, only a claim under the False Claims Act. Moreover, there is no separate cause of action under the Stark Law. Further, any remedies |

|  |  |
|---|---|
|  | under the Stark Law are administrative only. |
| Plaintiff's Request No. 32 | The court reserves a ruling based upon evidence proffered at trial. |
| Joint Request No. 33 | Consent |
| Plaintiff's Request No. 34 | Defendant's objections are overruled. |
| Defendant's Request No. 35 | Denied. Comments on the facts. |
| Defendant's Requests No. 36-38 | The court will reserve a ruling, but is inclined, if charge is required, to charge language directly from 69 Fed. Reg. 16087. |
| Defendant's Requests No. 39-40 | Defendant's proposed requests are denied. The court will draft an introductory charge regarding the Stark Law. |
| Defendant's Requests No. 41-42 | Denied. Comment on the facts. |
| Defendant's Requests No. 43-45 | Defendant's proposed requests are denied. The court will draft an introductory charge regarding the Stark Law. |
| Defendant's Request No. 46 | Denied for reasons discussed with respect to Plaintiff's Request No. 8. |
| Defendant's Request No. 47 | Denied in favor of the language proposed by the court with respect to Plaintiff's Request No. 23. |
| Defendant's Request No. 48 | Denied. Confusing to jury. |
| Defendant's Request No. 49 | Denied in favor of Plaintiff's Request No. 34. |
| Defendant's Request No. 50 | Denied. |
| Defendant's Request No. 51 | Denied. Misstates ruling of Fourth Circuit on remand. |
| Defendant's Request No. 52 | The court reserves ruling based upon evidence presented at trial. |
| Defendant's Request No. 53 | Denied in favor of proposed charge set out with |

|  |  |
|---|---|
|  | respect to Plaintiff's Request No. 20. |
| Defendant's Request No. 54 | Denied.  Appears to go to intent, which is not an element. |
| Defendant's Request No. 55 | Denied in favor of proposed instruction set forth with respect to Plaintiff's Request No. 23. |
| Defendant's Request No. 56 | Denied.  Covered in burden of proof charge. |
| Defendant's Request No. 57 | Denied.  Compliance with Stark Law is precondition for payment by Medicare program, and therefore is material as a matter of law. |
| Defendant's Request No. 58 | Denied.  Argumentative. |
| Defendant's Requests No. 59-61 | Denied.  Comment on the facts. |
| Defendant's Request No. 62-65 | Denied.  Intent not an issue. |

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 29, 2013