# Attachment 5

*Ierardi v. Lorillard, Inc.*

Ierardi v. Lorillard, Inc., Not Reported in F.Supp. (1991)

1991 WL 158911
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Peter IERARDI and Angela Ierardi
v.
LORILLARD, INC. et al.

Civ. A. No. 90–7049. | Aug. 13, 1991.

**Attorneys and Law Firms**

Laurence H. Brown, Steven J. Cooperstein, Howell K. Rosenberg, Brookman, Rosenberg, Brown & Sandler, Daniel G. Childs, Thomas F. Johnson, Johnson & Childs, Philadelphia, Pa., for plaintiff.

Matthew A. White, Franklin Poul, David I. Bookspan, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, Pa., Walter L. Cofer, William S. Ohlemeyer, Gary R. Long, Patrick M. Sirridge, David K. Hardy, Shook, Hardy and Bacon, Kansas City, Mo., for Lorillard, Inc.

Robert V. Dell'osa, Kenneth C. Frazier, Drinker, Biddle & Reath, Kim R. Tulsky, Mann, Ungar & Spector, Philadelphia, Pa., Andrew J. McElaney, Jr., Stephen J. Brake, Nutter, McClennen & Fish, Boston, Mass., for Hollingsworth & Vose Co.

Edward J. Wilbraham, Philadelphia, Pa., for GAF Corp., T & N, PLC.

Opinion

### MEMORANDUM

NEWCOMER, Senior District Judge.

**\*1** Defendant, Hollingsworth & Vose Company (H & V) is presently moving the court to enter a protective order to prevent plaintiffs from deposing any of defendant's current employees regarding H & V's current awareness of the effects of asbestos and to prevent plaintiffs from deposing designees of H & V pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Additionally, defendant is asking for a clarification of this court's previous order denying co-defendant Lorillard's motion for a protective order. For the reasons that follow, defendant's motion will be denied.

**I.** *Rule 30(b)(6) Designee for Information between 1951–1957*

**A.** *Lack of Knowledge*
Defendant argues that since H & V has "stated in sworn answers to plaintiffs' interrogatories that *no* current H & V employee has personal knowledge" (emphasis in original) of any of the information which plaintiffs seek, H & V should not be required to designate any witness to testify pursuant to Rule 30(b)(6). Answers to interrogatories, however, are an inadequate substitute for deposition testimony pursuant to Rule 30(b)(6). *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 126. "[T]he general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order: the other side is allowed to test this claim by deposing the witness." *Amherst Leasing Corp. v. Emhart Corp.,* 65 F.R.D. 121, 122 (D.Conn.1974) (footnote omitted). Moreover, an individual employee's lack of personal knowledge is irrelevant: the organization must provide a witness to "testify as to matters *known or reasonably available to the organization.*" Fed.R.Civ.P. 30(b)(6) (emphasis added).

If none of defendant's current employees has sufficient knowledge to provide plaintiffs with the requested information, defendant is obligated to "prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Marker,* at 126 (citations omitted).

**B.** *Contention Interrogatories*
Additionally, defendant asks that the court grant a protective order mandating that discovery of the information[1] plaintiffs seek may only be had by means of contention interrogatories. Defendant argues that contention interrogatories are a simpler and more appropriate discovery method. This court notes, however, that "the deposition process provides a means to obtain more complete information and is, therefore, favored." *Marker,* at 126. Plaintiffs' deposition notices, both of which outline the information plaintiffs seek with reasonable particularity, do not request any information regarding H & V's legal contentions, but rather relate to H & V's knowledge of facts. Contention interrogatories are neither adequate nor appropriate in this situation. Defendant's request for such an order is therefore denied.

3:05-cv-02858-MBS     Date Filed 06/05/13     Entry Number 825-5     Page 3 of 4

**Ierardi v. Lorillard, Inc., Not Reported in F.Supp. (1991)**

#### C. *Undue Burden*

Defendant claims that it would be "subject to an undue burden" if it were to be required to designate and prepare a witness to testify pursuant to Rule 30(b)(6). The court does not, however, so find. Defendant admits that it possesses records which a designee could study to formulate a response to plaintiffs' inquiries. Although this task may be somewhat difficult, it is clear that if a corporate employee familiar with the structure and organization of the corporation would find this task difficult, plaintiffs, who have no such familiarity, likely would find it impossible.

#### D. *Prejudice to Defendant*

**\*2** Defendant claims that it "would be subject to ... an unreasonable risk of prejudice" if it were to be bound by the testimony of any witness it would designate pursuant to Rule 30(b)(6), and that therefore, a protective order should issue. As defendant itself notes, however, "documents can always be interpreted in various ways." This court finds that plaintiffs are entitled to discover the interpretation H & V intends to assert at trial. Moreover, if H & V adequately prepares its designee or designees for the 30(b)(6) deposition, defendant will not suffer prejudice.

#### E. *Unproductivity of 30(b)(6) Testimony*

Defendant contends that deposing any of its current employees would be fruitless because "plaintiffs can secure better, more reliable information through other, more productive, discovery procedures." However, the court does not find defendant's unsubstantiated belief that plaintiffs will not discover new information to merit the imposition of a protective order. *See Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 65 (D.P.R.1981) ["Rule 30(b)(6) ... is an additional, supplementary and complimentary deposition process designed to aid in the efficient discovery of facts." *citing* Advisory Committee Note to Rule 30(b)(6), *Atlantic Cape Fisheries v. Hartford,* 509 F.2d 577 (1st Cir.1975).].

#### F. *Potential Designee*

Plaintiffs argue that Dr. Harold Knudson, a retired H & V director who was an H & V employee involved with the development of the cigarette filter at issue in this case, would be an appropriate witness to serve as H & V's 30(b)(6) designee. Defendant also considers Dr. Knudson to be knowledgeable about the subjects regarding which plaintiff seeks binding answers. Defendant argues, however, that because Dr. Knudson has already been deposed at length as a fact witness, plaintiffs should not be allowed to depose him again.

The court notes that defendant is not required to designate a retired employee to serve as a 30(b)(6) designee, because "it cannot be supposed that ... former employees would identify their interests with those of their former employers to such an extent that admissions by them should be held to bind the employer." *Proseus v. Anchor Line, Ltd.,* 26 F.R.D. 165, 167 (S.D.N.Y.1960). If defendant is willing to be bound by Dr. Knudson's testimony, however, H & V may agree to produce Dr. Knudson as its 30(b)(6) witness. Defendant's assertion that plaintiffs' deposition of Dr. Knudson as a fact witness makes it unnecessary to depose him is without merit.

There are, of course, important advantages in examining a prospective deponent as an officer or managing agent of the adverse party rather than as a witness. Admissions made by the deponent will be binding on his principal. Furthermore, the party employing the deponent must bear both the responsibility for, and the expense of, producing him for examination.

*Proseus,* at 167.

**\*3** If defendant is unwilling to be bound by Dr. Knudson's testimony, if defendant would prefer to designate a different witness, or if Dr. Knudson is unwilling to testify on behalf of H & V as a Rule 30(b)(6) deponent, H & V must present another designee to testify concerning the subjects plaintiffs have outlined.

### II. *Rule 30(b)(6) Designee for Information through the Present*

Defendant contends that the information plaintiffs seek regarding whether H & V developed knowledge of the harmful effects of asbestos and whether it ever warned the public about such effects is irrelevant, and that a protective order should issue for this reason. As plaintiffs make clear, however, "[w]hat H & V knew and when it knew it is at the heart of the case against it." Plaintiffs are entitled to conduct discovery regarding this topic, and defendant is required to produce a witness to testify on this subject pursuant to Rule 30(b)(6).

### III. *Request for Clarification*

Defendant requests clarification of this court's April 15, 1991 order denying co-defendant Lorillard's motion for a

3:05-cv-02858-MBS   Date Filed 06/05/13   Entry Number 825-5   Page 4 of 4

**Ierardi v. Lorillard, Inc., Not Reported in F.Supp. (1991)**

similar protective order. Defendant suggested interpretation would permit defendants to profess ignorance of information the plaintiffs request during a 30(b)(6) deposition, but then allow H & V to present evidence on the same subject at trial. Defendant's interpretation, however, subverts the purpose of Rule 30(b)(6). Under Rule 30(b)(6), defendant has an obligation to prepare its designee to be able to give binding answers on behalf of H & V. If the designee testifies that H & V does not know the answer to plaintiffs' questions, H & V will not be allowed effectively to change its answer by introducing evidence during trial. The very purpose of discovery is "to avoid 'trial by ambush.' " *Federal Deposit Ins. Corp. v. Butcher,* 116 F.R.D. 196, 201 (E.D.Tenn.1986). The court further notes that Rule 26(e)(2) imposes a duty upon a party to amend its response if:

(A) the party knows that the response was incorrect when made, or (B) the party knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

An appropriate Order follows.

### *ORDER*

AND NOW, this 5th day of August, 1991, having considered defendant's Motion for Protective Order, plaintiffs' response thereto, and defendant's reply memorandum, it is hereby ORDERED that defendant's motion is DENIED. Defendant shall promptly produce for deposition one or more witnesses to testify pursuant to Fed.R.Civ.P. 30(b)(6) regarding all subjects outlined in plaintiffs' deposition notices.

AND IT IS SO ORDERED.

Footnotes

1   See Plaintiff's Notice of Depositions (Defendant's Exhibit A).